## DAVID DATER & another *vs.* JAMES H. EARL.

A sale of goods in another state, the seller knowing, but not participating in, the intent of the purchaser to sell them again in violation of the laws of that state, if held to be valid in that state, will support an action in this commonwealth for their price.

ACTION OF CONTRACT to recover the price of spirituous liquors sold by the plaintiff to the defendant, at Cobleskill in the State of New York, in quantities of more than five gallons at a time, but for the purpose, known to both parties, of being sold by the defendant at retail at the bar of a tavern kept by him at Cobleskill. The Rev. Sts. of New York, Pt. 1, *c.* 20, tit. 9, § 17, impose a penalty of twenty five dollars on any person selling spirituous liquors in any quantity less than five gallons at a time, without license from the commissioners of excise. The *Sts.* of N. Y. of 1845, *c.* 300, and 1846, *c.* 14, (in force when these sales were made, but since repealed by *St.* 1847, *c.* 274,) provided for submitting to the electors of every town the question whether licenses should be granted, and enacted that if a majority should vote to grant no licenses, none should be granted in that town, and sales there at retail should be subject to the penalty imposed by the Rev. Sts. The town of Cobleskill voted to grant no licenses for the year 1846. The parties submitted the case to the decision of the court upon these facts.

*J. T. Robinson,* for the plaintiffs.

*H. L. Dawes,* for the defendant, to the point that no recovery could be had for the price of liquors sold in New York with the knowledge that the purchaser intended to sell them again there in violation of the laws of that state, cited *Biggs* v. *Lawrence,* 3 T. R. 457 ; *Clugas* v. *Penaluna,* 4 T. R. 466 ; *Waymell* v. *Reed,* 5 T. R. 599 ; *Lightfoot* v. *Tenant,* 1 Bos. & Pul. 556 ; *Langton* v. *Hughes,* 1 M. & S. 593.

MERRICK, J.[*] Assuming that the defendant is right in his

---

[*] This case, and the three next following, were argued at September term 1854, and decided at Boston in June 1855.

position that the statutes of New York are constitutional, and applicable to the sales made by the defendant, still the plaintiff is entitled to recover in this action. The validity of a contract is always to be determined by the law of the place where it is made ; if it is valid there, it must be held valid wherever a party entitled to a remedy for its breach seeks to enforce it. 2 Parsons on Con. 82. *Carnegie* v. *Morrison*, 2 Met. 397. And in *Kreiss* v. *Seligman*, 8 Barb. 439, which was an action to recover the price of spirituous liquors purchased by the defendant, and which the vendor knew were to be sold by him at retail without license, and in violation of the excise laws of the State, we have a recent and authoritative exposition of the law of the State of New York in relation to a similar contract, made in the same manner, and under circumstances precisely similar to those disclosed in the statement of facts agreed to by the parties in the present action. It is there said by the supreme court, " that where a party, who sells goods or advances money to another, with knowledge of a design on the part of the latter to put the goods or money to an unlawful use, does any act whatever beyond the bare sale or loan, in aid or furtherance of the unlawful object, he cannot recover. Or if the illegal use to be made of the goods or money enters into the contract, and forms the motive or inducement in the mind of the vendor or lender, to the sale or loan, then he cannot recover, provided the goods and money are actually used to carry out the contemplated design. But bare knowledge, on the part of the vendor, that the vendee intends to put the goods to an illegal use, will not vitiate the sale and deprive the vendor of all remedy for the purchase money." *Judgment for the plaintiff.*